GREEN, J.
delivered the opinion of the court.
On the 16th of June, 1840, various executions issued by Justices of the Peace were levied on 109 acres of land as the property of Godfrey Gregory. At the succeeding August term, of the Smith Circuit Court, the land so levied on was condemned; orders of sale were issued, and the land was sold, and the purchaser transferring his bid to the lessor of the defendant in error, a deed was made to him by the Sheriff, dated the 8th of December, 1840. On the 17th of June, the said Gregory sold fifty acres of said land to the plaintiff in error, who was in possession thereof, and has continued in possession up to the time this suit was brought. At the date of the levy and sale, Gregory was in possession of a sixty-two acre tract, as some of the witnesses call it, but which in his testimony he calls a fifty-nine acre tract. This tract is a part of the one hundred and nine acres levied on and sold, but was held by Gregory, by a distinct deed. The fifty acres sold to the plaintiff in error, consisted of two tracts conveyed to Gregory by distinct deeds, the one of seven acres, and the other of forty-three acres. All *503 three tracts, the 62 acres upon which Gregory lived, the 43 and 7 acres upon which the plaintiff in error lived, lay adjoining, constituted what was described in the levy and sale as the 109 acres, and at the date of the levy it was all owned by Gregory, the execution debtor.
The evidence conduces to show, that the twenty days notice, prescribed by the act of 1799, ch. 14, sec. 1, which a Sheriff is required to give to a defendant in execution, who is in possession ofland levied on, before the'sale thereof, was not given to Gregory in this case. The court told the jury, that the defendant below could not set up that defence. The jury found for the plaintiff, and the defendant appeals to this court.
1. It is insisted that the court erred in assuming the facts, upon which His Honor told the jury the defendant could not set up the defence of the want of twenty days notice to Gregory.
Perhaps, strictly, the duties of the court, as defined by the constitution, should have been performed by stating the evidence, and telling the jury, that if the facts thus stated tobe ^evidence, were proved to their satisfaction, the law would be, that the defendant could not make the defence relied on. But we do not consider this objection of any weight. The departure of the Judge from the strict line of his duty, if there were a departure at all, is very slight, could not have misled the jury, and consisted in the assumption of facts as proved, about which there was no controversy, and which were most plainly proved as he had stated them.
2. It is next urged that the court erred in rejecting the de-fence in question. If the sale of the fifty acres in controversy were Void for the want of the twenty days notice to Gregory, the defendant below might insist on that fact as a defence to the action against her. But the question is, was the sale void?
Gregory had three small tracts adjoining, on one of which he lived, and of which he was alone in possession. If the 43 acre and the 7 acre tracts, of which Gregory was not in possession had been alone sold, it could not be contended with any .plausibility, that Gregory would- have been entitled to notice. The fact that they lay adjoining the tract of which he had pos *504 session, would no more entitle him to notice, than if they were a distance from him.
But it is said the three tracts were levied on and treated in the sale as one tract, and that the purchaser at execution sale, cannot now contradict the officer’s return, and prove that there were three tracts and not one only.
To this it may be answered, that the Sheriff returns, that he gave the twenty days notice required by the statute — but the defendant below seeks to prove, that such notice was not in fact given.
May not the plaintiff also prove, that the notice was not required to be givén, because the defendant in the executions was not in possession of the land in controversy in this suit? We think he may do so, and that the evidence was properly received.
3. The Constable’s levies having been made the 16th of June, created a lien upon the land in favor of the judgment creditors, which is superior to the right of the defendant by virtue of the deed made to her the next day.
Affirm the judgment.